# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN SWEETEN and VERONICA SWEETEN<br><br>Plaintiffs,<br><br>v.<br><br>CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE APPALACHIA, LLC, and NOMAC DRILLING, LLC,<br><br>Defendants. | NO. 3:11-CV-0261<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiffs' Complaint, which insufficiently alleges the diversity of the parties. (Doc. 1.) Because the Complaint fails to adequately plead the existence of subject matter jurisdiction, Plaintiffs will be given leave to amend.

Plaintiffs filed a Complaint against Defendants for violations of state law. (Doc. 1.) The Complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute. However, in outlining the diversity of the parties, the Complaint states that the Plaintiffs are "adult residents" of Pennsylvania. (Doc. 1.)

Federal courts are courts of limited jurisdiction. Jurisdiction must be properly alleged to be invoked. Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d

392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the *citizenship* of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Here, the Complaint fails to properly plead the existence of subject matter jurisdiction because it does not adequately allege diversity of citizenship. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")).

The Plaintiffs fail to allege in which state they have *citizenship*. The Court is informed of the states in which the Plaintiffs are "residing." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere

residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Although the Plaintiffs have failed to properly allege diversity jurisdiction, they may be able to do so if given the opportunity to amend its complaint. District courts must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 113 (3d Cir. 2000)). The Plaintiffs will be given time to amend and the Court urges it to properly allege the *citizenship* of the Plaintiffs.

For guidance, the Plaintiffs are encouraged to review Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure. The templates in Form 7 provide examples of properly invoking diversity-of-citizenship jurisdiction. The form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

The Plaintiffs' failure to comply with these directions—so that diversity jurisdiction may be exercised under § 1332—will result in the action being dismissed.

As it currently stands, the Complaint fails to show the existence of subject matter jurisdiction. The Plaintiffs are directed to file an Amended Complaint within twenty-one (21) days sufficiently alleging jurisdiction. The Plaintiffs are further advised that failure to respond in the manner explained above will result in the dismissal of their Complaint.

**NOW**, this ___11th___ day of February, 2011, **IT IS HEREBY ORDERED THAT** the Plaintiffs will have twenty (21) days from the date of this Order to **PROPERLY ALLEGE JURISDICTION** so that this Court may determine whether complete diversity of citizenship exists between the parties.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge